# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Brian Lester,**
**Claimant Below, Petitioner**

**v.)**    **No. 25-505**    (JCN: 2023010592)
(ICA No. 24-ICA-420)

**West Virginia Division of Highways**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brian Lester appeals the June 6, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Lester v. W. Va. Div. of Highways*, No. 24-ICA-420, 2025 WL 1604686 (W. Va. Ct. App. Jun. 6, 2025) (memorandum decision). Respondent West Virginia Division of Highways filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the September 24, 2024, order of the Workers' Compensation Board of Review affirming the claim administrator's orders, which 1) closed the claim for temporary total disability benefits based upon a finding that the medical evidence did not indicate that Mr. Lester continued to be disabled from the compensable injury; 2) denied the addition of bilateral S1 radiculitis, thoracic myelopathy, and S1 sprain to the claim as compensable conditions; and 3) denied authorization for physical therapy.

On appeal, the claimant argues that the ICA was clearly wrong in affirming the Board of Review's order because Rajesh Patel, M.D., opined that the preponderance of the evidence established that the claimant developed S1 radiculitis, thoracic myelopathy, and sustained a S1 sprain as a result of the compensable injury. The claimant further argues that Dr. Patel, his treating surgeon, was in the best position to determine which diagnoses were related to the compensable injury, and whether the claimant continues to be disabled. Because Dr. Patel opined that the diagnoses require additional treatment, the claimant asserts that physical therapy should have been approved as being reasonably related and medically necessary to treat the compensable conditions. Further, the claimant argues that temporary total disability benefits should not have been suspended while he was being treated for the compensable injury. The employer counters by arguing that the evidence demonstrates that the claimant reached maximum medical improvement from the compensable injury and that the additional diagnoses that he seeks to add to the claim are unrelated to the original injury. The employer argues that there is no credible or reliable evidence

---

[1] The petitioner is represented by counsel Reginald D. Henry and Lori J. Withrow, and the respondent is represented by counsel Steven K. Wellman and James W. Heslep.

that states that the claimant has not reached his maximum degree of medical improvement, and the claim administrator's order of November 6, 2023, was properly affirmed by the Board of Review and the ICA on this basis.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: November 25, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison